IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR PARK AVENUE PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) | |
| AND | ) ) | |
| STATE OF OKLAHOMA, ex rel. JOHN DOAK, INSURANCE COMMISSIONER, AS RECEIVER FOR IMPERIAL CASUALTY AND INDEMNITY COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-12-347-C |
| SELECT SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff John Doak, Insurance Commissioner for the State of Oklahoma, instituted this action in state court in his capacity as Receiver for Park Avenue Property and Casualty Insurance Company ("Park Avenue") and Imperial Casualty and Indemnity Company ("Imperial") against Defendant Select Services, Inc. ("SSI"). Defendant removed this case to federal court on March 29, 2012, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In his present Motion to Remand (Dkt. No. 14), Plaintiff argues that the Court should refuse to exercise its jurisdiction under the Burford abstention doctrine.[1] Defendant

---

[1] See Burford v. Sun Oil Co., 319 U.S. 315, 317-318 (1943) ("Burford").

objects to Plaintiff's motion as untimely, seeking inappropriate relief under <u>Burford</u>, and failing the <u>Grimes</u> and <u>NOPSI</u> tests for abstention.[2] Because the Court finds Plaintiff has not met the <u>Grimes/NOPSI</u> test for abstention, Plaintiff's motion is hereby denied.

A.  Timeliness of Plaintiff's Motion

Defendant filed its Notice of Removal (Dkt. No. 1) on March 29, 2012.  Plaintiff did not file the present Motion to Remand until September 4, 2012.  Defendant contends that Plaintiff's Motion to Remand is thus untimely pursuant to 28 U.S.C. § 1447(c)'s thirty-day removal rule.  Under the current version of § 1447(c), "[a] motion to remand the case on the basis of <u>any defect other than lack of subject matter jurisdiction</u> must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added).  The question then is whether abstention constitutes a "defect" for the purpose of § 1447(c).

Defendant argues that § 1447(c)'s amended language is broad enough to encompass abstention because abstention is not a challenge to the Court's subject matter jurisdiction. Before the 1996 amendments, § 1447(c) provided:  "[a] motion to remand the case <u>on the basis of any defect in removal procedure</u> must be made within 30 days after the filing of the notice of removal under § 1446(a)."  28 U.S.C. § 1447(c) (1994) (emphasis added).  Under the earlier version, courts unanimously held that the thirty-day rule did not apply to motions based on abstention because abstention was not a procedural defect.  <u>Snapper, Inc. v. Redan</u>, 171 F.3d 1249, 1256-57, 1256 n.16 (11th Cir. 1999).  Since the amendment, however, some

_____

[2]  <u>See</u> <u>Grimes v. Crown Life Ins. Co.</u>, 857 F.2d 699 (10th Cir. 1988) ("Grimes"), and <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 361 (1989) ("NOPSI").

courts have held that the thirty-day rule covers any ground for remand other than lack of subject matter jurisdiction, including abstention.   See Guillen v. Am. Home Mortg. Servicing, Inc., Case No. 2:11-CV-1068 JCM (CWH), 2011 WL 5008034, at *1 (D. Nev. Oct. 20, 2011) (unpublished) (holding plaintiffs' motion to remand on abstention grounds time-barred for failure to comply with thirty-day rule); Levin v. Tiber Holding Co., Case No. 98 Civ. 8643(SHS), 1999 WL 649002, at *3-4 (S.D.N.Y. Aug. 25, 1999) (unpublished) (acknowledging a split of authority but finding the thirty-day rule applicable to motions to remand based on abstention).   Defendant urges the Court to adopt the reasoning of these courts and find Plaintiff's motion untimely.   Because the Court finds the analysis of the Ninth and Eleventh Circuits more persuasive, it declines to do so.

Shortly after Congress enacted the current version of § 1447(c), the Eleventh Circuit decided Snapper, in which it held that Congress did not intend to expand the scope of § 1447(c) to include "any remandable ground other than lack of subject matter jurisdiction," based on the plain meaning of the word "defect," prior versions of the statute, the legislative history of the 1996 amendment, and well-established case law.   171 F.3d at 1259-60 (emphasis added).   The Snapper Court began by considering the language of § 1447(c) itself, noting that Black's Law Dictionary defines "defect" as "'[t]he want or absence of some legal requisite; deficiency; imperfection; insufficiency.'"   Id. at 1253 (quoting Black's Law Dictionary 418 (6th ed. 1990)).   Because "[t]he 'legal requisites' of removal" are those found in § 1446(a), the Court determined that "failure to comply with [those] express statutory requirements for removal [could] fairly be said to render the removal 'defective' . . . pursuant

to § 1447(c)." Id. But the Court then proceeded to distinguish other grounds for removal as "external to the removal process" and "not depend[ant] on any 'defect' in the removal itself," such as "forum selection clauses, abstention, and supplemental jurisdiction." Id. Accordingly, the Court held that "tak[ing] an expansive view of the definition of 'defect' such that it would include bases for remand external to the removal process . . . would essentially make 'defect' synonymous with 'any remandable ground,' . . . render[ing] the term 'defect' superfluous . . . [,] constitut[ing] a radical departure from well-established law and practice[, and] significantly undermining established concepts of abstention and supplemental jurisdiction." Id. Thus, the Court held "that the more reasonable construction of the statute is that the term 'defect' refers to removal defects." Id. at 1254.

In addition to the plain meaning of "defect," the Court also looked to the historical interpretation of § 1447(c) and the legislative history of the 1996 amendment. Id. at 1254-59. Before the 1996 amendment, Congress had significantly changed § 1447(c) in 1988. Id. at 1254. Prior to 1988, § 1447(c) allowed remand "at any time before final judgment" if "it appear[ed] that the case was removed improvidently." Id. Congress acted in 1988 to "discard[] the vague term 'improvidently' in favor of a more explicit reference to 'any defect in removal procedure.'" Snapper, at 1256. After the 1988 amendment, § 1447(c) provided: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under § 1446(a)." Id. (citing 28 U.S.C. § 1447(c) (West 1994)). However, the revised language of § 1447(c) created a new problem: although courts unanimously held that remands based on forum selection clauses,

abstention, and supplemental jurisdiction were not included within the new "defect in removal procedure" language, courts were split on whether failure to comply with § 1441(b)'s prohibition on an in-state defendant's removal was a procedural or substantive defect. Id. at 1256-58. Thus, in 1996 Congress eliminated the "removal procedure" language to clarify that § 1447(c) encompasses § 1441(b). Id. The Snapper Court found that this statutory history reasonably explained Congress's 1996 amendment and "demonstrates that the change in language was not meant to bring within its scope remands in the context of forum selection clauses, abstention, or supplemental jurisdiction." Id. at 1258. According to the Court, the legislative history of the 1996 amendment bolstered this conclusion as the House Report noted that the House Judiciary Committee "'viewed the Bill as technical and noncontroversial,'" something that merely "'clarifies the intent of Congress.'" Id. (quoting H.R. Rep. No. 104-219, at 2 (1996)). Congress could not have viewed the 1996 amendment as merely technical had it intended to overturn a significant, well-established body of case law holding that § 1447(c) did not apply to remands based on external considerations such as forum selection clauses or abstention. Id. at 1259. Following this analysis, the Court concluded that in addition to being supported by the history of § 1447, its interpretation was "the only one in harmony with common sense," as the thirty-day rule could be "the death knell" of remands based on abstention. Id. at 1260.

Recently, another Court of Appeals confronted the same issue and concluded that the Eleventh Circuit's approach was the correct one. See Kamm v. ITEX Corp., 568 F.3d 752 (9th Cir. 2009). Like the Eleventh Circuit, the Ninth Circuit's analysis of the text of

§ 1447(c)–its inclusion of the word "defect"–and the legislative history of the 1996

amendment led the Court to hold that forum selection clauses, as an external factor, are

outside the bounds of the thirty-day rule for "defects." In so holding, the Court pointed to

the 1996 amendment's proximity in time to the Supreme Court's decision in Quackenbush

v. Allstate Insurance Co., 517 U.S. 706 (1996), noting that there was no indication that

Congress intended to overrule Quackenbush and encompass remands based on abstention in

amending § 1447(c). As the Supreme Court has since cited Quackenbush without indicating

any new limitation imposed by the amended § 1447(c), the conclusions of the Ninth and

Eleventh Circuits seem correct. See Kircher v. Putnam Funds Trust, 547 U.S. 633, 640

(2006). Moreover, it appears that the Tenth Circuit would agree, as it also has cited

Quackenbush as good law since the 1996 amendment took effect. See Am. Soda, LLP v.

U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 924 (10th Cir. 2005). Thus, § 1447(c)'s

thirty-day filing rule does not apply to motions to remand based on external considerations

such as abstention. Plaintiff's motion is timely.

B. Burford Abstention

Defendant next argues that even if Plaintiff's motion is timely, the Court should not

weigh the merits of Plaintiff's abstention argument because Plaintiff's suit against SSI does

not seek discretionary relief.[3] In Quackenbush, the Supreme Court held that a federal court

---

[3] Defendant relies on Crawford v. Employers Reinsurance Corp., 896 F.Supp. 1101, 1103 (W.D. Okla. 1995), as support for his claim that a court must be sitting in equity for the Burford doctrine to apply. However, in that case, the Court expressly held that it was "unnecessary to determine in this case whether an equitable remedy is a prerequisite to abstention under the Burford doctrine or, whether plaintiff has, in fact, requested equitable relief . . . in light of the Court's

has the authority to abstain from exercising its jurisdiction in "all cases in which the court has discretion to grant or deny relief." 517 U.S. at 718. Noting that it had "not previously addressed" whether remand or dismissal would be appropriate in "a common-law action for damages," the Supreme Court proceeded to distinguish cases seeking equitable relief from those seeking purely monetary damages. Id. at 719-21. However, the Court rejected the strict approach taken by the Ninth Circuit, which applied a "per se rule" permitting federal courts to abstain under the Burford doctrine "'only in equitable cases.'" Id. at 730 (quoting Garamendi v. Allstate Ins. Co., 47 F.3d 350, 355-56 (9th Cir. 1995)). Instead, the Court acknowledged that its precedents "have extended the [abstention] doctrine to all cases in which a federal court is asked to provide some form of discretionary relief" and that although dismissal or remand is inappropriate in a suit seeking only legal damages, a court might be permitted to enter a stay if temporary abstention would be appropriate. Id. at 719-21, 730-31. Thus, although Plaintiff seeks only damages in the present action, the Court can weigh his argument for Burford abstention, although any relief would be limited only to a stay, not remand of the entire case back to state court.[4]

conclusion that plaintiff has failed to satisfy the other criteria for Burford abstention." As the Supreme Court decided Quackenbush the year after this Court decided Crawford, Quackenbush provides the appropriate rule.

[4] The Court recognizes that Plaintiff has filed a Motion to Remand, not a Motion to Stay, but believes that addressing Plaintiff's Burford argument here better serves judicial economy, rather than requiring the parties to re-file and re-brief. Moreover, in his motion, Plaintiff requested not only that the Court "remand this action to the Oklahoma County District Court," but also "such additional relief, at law or in equity, [] which the Court deems proper." (Pl.'s Mot., Dkt. No. 14, at 15.) Thus, it is appropriate to weigh the merits of Plaintiff's Burford abstention argument now, rather than in a separate Motion to Stay.

Quackenbush reiterated "that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." 517 U.S. at 716. Federal courts may decline to exercise their "'virtually unflagging obligation'" to hear cases only in "'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest.'" Id. (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 821 (1976)). Under the Burford doctrine, a federal court may abstain from a case if: (1) "there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'" or (2) "the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" NOPSI, 491 U.S. at 361 (1989) (quoting Colo. River, 424 U.S. at 814)).

The principal Tenth Circuit authority with respect to Burford abstention in the context of insolvent insurer liquidation proceedings is Grimes, 857 F.2d 699 (10th Cir. 1988).[5] In Grimes, the Tenth Circuit recognized that Burford abstention is particularly appropriate

---

[5] Because Grimes is a pre-NOPSI case, its viability and precedence is uncertain. See Am. Sec. Life Assur. Co. of N.C. v. Mason, 836 F.Supp. 333, 334 (E.D.N.C. 1993) ("The court also finds that Grimes' precedential value is suspect because 'Grimes was based mainly on Second Circuit authority which "adopted a broad view of abstention" . . . [and] NOPSI does not permit a broad view of abstention.'" (quoting Melahn v. Pennock Ins., Inc., 965 F.2d 1497 (8th Cir. 1992))). However, courts in this district have continued to cautiously apply the Grimes factors. See Okla. ex rel. Doak v. Montgomery, Case No. CIV-11-863-C (W.D. Okla. May 23, 2012) (unpublished); Okla. ex rel. Holland v. Emp'rs Reinsurance Corp., Case No. CIV-06-0426-HE, 2006 WL 2520216, at *1 (W.D. Okla. Aug. 29, 2006) (unpublished); Crawford v. Emp'rs Reinsurance Corp., 896 F.Supp. 1101, 1103-04 (W.D. Okla. 1995).

where states have acted under the McCarran-Ferguson Act to "formulate their own systems

to regulate insurers doing business in their states," especially in the context of the liquidation

of insolvent insurers.  857 F.2d at 703.  This is because in such a circumstance "it becomes

increasingly possible that the exercise by a federal court of its jurisdiction will prove to be

'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial

public concern.'"  Id. (quoting Colorado River, 424 U.S. at 814).  However, the Court

cautioned that even when states have developed comprehensive regulatory systems for the

insurance industry, "federal courts may [still] properly exercise their jurisdiction in some

cases."  Id. at 704.  Accordingly, the Tenth Circuit provided four factors for courts to use

when making a determination about whether the exercise of federal jurisdiction is proper:

> (1) whether the suit is based on a cause of action which is exclusively federal;
> (2) whether the suit requires the court to determine issues which are directly
> relevant to the liquidation proceeding or state policy in the regulation of the
> insurance industry; (3) whether state procedures indicate a desire to create
> special state forums to regulate and adjudicate these issues; and, (4) whether
> difficult or unusual state laws are at issue.

857 F.2d at 704-05 (citations omitted).

Plaintiff argues that all four Grimes factors favor abstention.  First, he maintains his

claim is "based solely upon state law causes of action," not on federal law.  (Pl.'s Mot., Dkt.

No. 14, at 7.)  Next, Plaintiff asserts that the Court's decision in this matter is directly

applicable to Park Avenue's and Imperial's liquidation proceedings and that several of

Defendant's affirmative defenses implicate ambiguities in the Insurers Liquidation Act. (Id.)

Specifically, Plaintiff claims that the statutes governing Defendant's fraud, setoff, and statute

of limitations defenses are unclear and the Oklahoma County District Court should be permitted to interpret them in the first instance. (Id. at 7-11.)  Third, Plaintiff relies on language from Grimes to establish that the state law indicates a desire to designate the Oklahoma County District Court as the appropriate forum for disputes relating to a liquidation proceeding. (Id. at 11 ("Oklahoma has not only adopted a comprehensive scheme to oversee the liquidation of insolvent insurers, it has provided a particular court–the Oklahoma County District Court–to oversee liquidation proceedings.") (quoting Grimes, 857 F.2d at 705)).)  Finally, under the fourth Grimes factor, Plaintiff asserts that difficult or unusual state law issues are present in this action, particularly with respect to the affirmative defenses asserted by Defendant. (Id. at 12.)

In its response, Defendant disputes Plaintiff's characterization of this case.  Although Defendant acknowledges that it has no federal claims that are currently ripe (Def.'s Resp., Dkt. No. 15, at 10), Defendant argues that the other three Grimes factors strongly weigh against abstention.  According to Defendant, "[t]he issues in this case do not threaten to impair the state's interest in its insolvent insurer liquidation process" because "[t]his case is about whether SSI owes money based on certain contracts," not Park Avenue's and Imperial's liquidation. (Id.)  Defendant also argues that while Oklahoma's Insurance Liquidation Act establishes a forum for an insolvent insurer's creditors, "it does not permit Receiver to force alleged debtors to submit to the Oklahoma County District Court when the Receiver brings claims on behalf of the insolvent insurer," especially when, as here, the parties expressly indicated that the federal court would be an appropriate venue for any

contract disputes.  (Id. at 13 (emphasis original).)  Additionally, Defendant contends that the

statutes governing the types of affirmative defenses that can be raised against an insolvent

insurer are clear and expressly permit a defense of fraud in the inducement, a five-year

statute of limitations, and equitable set-off.  (Id. at 7, 10-14.)  Because this case is simply a

contract dispute and "SSI's affirmative defenses are straightforward matters," Defendant

argues that there are no "unsolved mysteries of Oklahoma insurance law" implicated by this

action, and the fourth Grimes factor favors retention.  (Id. at 13-14.)

Although the first Grimes factor clearly weighs in favor of abstention because this

action is based solely on state law, the remaining factors do not support abstention.  As this

Court has previously held, "[d]espite the Oklahoma County District Court having exclusive

jurisdiction over the liquidation proceedings of insolvent insurers under the Oklahoma

Uniform Insurers Liquidation Act, this case is separate and distinct from the liquidation

proceedings." Crawford, 896 F.Supp. at 1103 (emphasis added).  Plaintiff's contract claims

against SSI "will not require this Court to determine issues which are directly relevant to the

liquidation proceeding or state policy in the regulation of the insurance industry."  Id.  Nor

is the Court persuaded that this case presents difficult or unusual questions of state law.

Rather, it seems to be nothing "more complex than an ordinary contract dispute." Holland,

2006 WL 2520216, at *1; see also Grode v. Mut. Fire, Marine & Inland Ins. Co., 8 F.3d 953,

959 (3d Cir. 1993) (holding that "this case does not involve the complex and highly regulated

issues of insurance regulation; rather, it is a simple contract action involving an allegedly

unpaid debt"); Crawford, 896 F.Supp. at 1103 (concluding the suit "is essentially one for

breach of contract between two insurance companies and will not involve complex and specialized determinations"). Moreover, a dearth of cases interpreting the pertinent affirmative defense statutes is not sufficient to justify abstention when the statutes are clear and susceptible to the general canons of statutory interpretation.[6] As the Tenth Circuit has noted, "'it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment.'" Lindsey ex rel. Copier v. Smith & Wesson Corp., 138 F.3d 833, 839 (10th Cir. 1998) (quoting Meredith v. City of Winter Haven, 302 U.S. 228, 224 (1943)). Plaintiff has not persuaded the Court that NOPSI and Grimes support abstention in this case.

Accordingly, Plaintiff's Motion to Remand is hereby DENIED.

IT IS SO ORDERED this 14th day of November, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge

---

[6] Should any relevant statute prove unsusceptible to interpretation by this Court at a later date, Plaintiff can file a Motion to Certify at that time.